## UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY

Dr. George Pieczenik

Plaintiff,

PLUESE BECKER SALTZMAN LLC,
and Andrew Cecere, CEO, USBank,
client

Defendants

CIVIL ACTION NO. <u>TBD</u>

COMPLAINT

FEDERAL QUESTION
28 U.S.C. § 1331

FDCPA

Jury Trial Demanded

## COMPLAINT AGAINST DEFENDANTS FOR VIOLATIONS OF THE FDCPA

<u>PLAINTIFF</u>
Dr. George Pieczenik
129 Kingwood Locktown Road
Stockton, N.J. 08559,
*Pro Se*
Telephone: (201) 404-6815
E-mail: GPieczenik@yahoo.com

<u>DEFENDANTS</u>
Pluese Becker Saltzman LLC 20000 Horizon Way,
            Suite 900 Mount Laurel, NJ 08054
and their client,
Andrew Cecere, CEO, USBank
6 Blue Flag Ct.
Saint Paul, MN, 55127-6464
651 482-0218

Dr. George Pieczenik , being of full age, hereby complains of Defendant and files this action for damages,  and  other  relief indicated  herein arising from Defendant's unfair and deceptive acts and practices in violation of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15  U.S.C. § 1692, et. seq., relative to a misrepresentation (in the form of a court pleading) she received from Defendant dated May 19, 2017. This communication fits the definition of a communication pursuant to 15 U.S.C. § 1692a(2).

 2.            As this action solely involves FDCPA non-compliant practices of  the debt collector in collecting the debt and not any aspect of the validity of the debt,  Plaintiff does not institute this action to intercede in the state foreclosure proceedings nor to stand as a defense to the foreclosure. In this federal action, Plaintiff seeks only damages for violative debt collection practices by the attorney debt collector in the  state action made actionable pursuant to the FDCPA. Plaintiffs FDCPA claims herein are separate from the state foreclosure action and any decision finding unfair debt collection violations in this Court would not impact the state foreclosure proceedings.

## JURISDICTION AND VENUE

Jurisdiction is appropriately laid in the  United States District Court, District of New Jersey pursuant to 15 U.S.C. § 1692, et. seq. and 28 U.S.C. § 1331 as the claims herein are based on a federal statute, thus federal question jurisdiction.

Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391 because the events giving rise to Plaintiffs claims occurred within this judicial district, because Defendant regularly transacts business within this judicial district and because Plaintiff resides within this federal judicial district.

PARTIES

Dr. George Pieczenik, Plaintiff, is a natural person and consumer, born in the United States and a citizen thereof, subject to the jurisdiction thereof and the jurisdiction of the State of New Jersey where Plaintiff resides.

Plaintiff is a resident tenant of the real property at issue at 129 Kingwood Locktown Road, NJ 08559 in New Jersey where he and his wife Jane Pieczenik have resided continuously since 2007.

Plaintiff acts as a third party intervener and for for Anthony Plesh, mortgage holder, in this matter (see Appendix 1).

Defendant, PLUESE BECKER SALTZMAN LLC, (hereinafter "Pluese Becker" or Defendant) is a law firm with its principal place of business at 20000 Horizon Way, Suite 900, Mount Laurel, NJ 08054, upon information and belief.

Pluese Becker is a limited liability company believed to be organized under the laws of the state of New Jersey.

Pluese Becker specializes in debt collection litigation with a focus on foreclosure as its means to collect mortgage debts and working for Penn East pipeline surveyors as in the instant case.

Defendant regularly uses the mails, emails, telephone, the courts,

and various instruments of interstate commerce in the collection of debts for others.

11.    At all times herein mentioned, Defendant was a "debt collector" as defined in 15 U.S.C. § 1692a(6).

Plaintiff's lender, New Jersey Housing and Mortgage Finance Agency (hereinafter "HMFA"), engaged Pluese Becker as a debt collector to foreclose on Plaintiff's mortgage in order to collect on the alleged debt under the FDCPA.

At all times pertinent hereto, Defendant was acting by and through its agents, servants, and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant.

At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants, and/or employees, was malicious, intentional, willful, reckless, negligent, and in wanton disregard for federal law, the contract, and the rights of Plaintiff herein.

15.    Plaintiff reserves the right to add parties to the complaint.

Pursuant to Fed. R. Civ. P. 23 and 15 U.S.C. §1692k, Plaintiff reserves the right to amend this Complaint to add a Cause of Action for a Class Action Certification to include a class of persons comprised of other mortgagors who have been detrimentally affected by Pluese Becker's flagrant and continuous violation of the FDCPA as detailed herein, within a specified timeframe (to be determined) and continuing until the resolution of this action. Plaintiff respectfully requests the court to assign interim counsel pursuant to Fed. R. Civ. P. 23 (g)(3) to act on behalf of the class prior to certifying the action as a class action. If necessary, pursuant to Rule 23(g)(l), Plaintiff respectfully requests the Court to assign counsel to

protect the rights of the class should certification be granted

## FACTUAL ALLEGATIONS
## COMMON TO ALL COUNTS

Defendant regularly collects or attempts to collect, directly or indirectly, debts allegedly owed, or due, or asserted to be owed to parties other than itself and is a "debt collector" as defined at 15 U.S.C. § 1692a(6).

At various times since 2010, Pluese Becker, on behalf of HMFA and USBank, aka Andrew Cecere , has mailed to Plaintiff notices demanding access for Penn East surveyors.

Pursuant to 15 U.S.C. 1692a(2), communication from Defendant means the conveying of information regarding a debt directly or indirectly to any person through any medium.

The claims herein all arise under a federal mortgage program, the Federal Housing Administration (hereinafter "FHA").

Anthony Plesh has a FHA mortgage loan, guaranteed and insured by the federal government via the federal agency, the Department of Housing and Urban Development, (hereinafter "HUD").

The details of the loan and relationship are outlined in Appendix 1. The facts related bring Pluese Becker's collection activities within the purview of the FDCPA, 15 U.S.C. § 1692a(5).

US Bank, Andrew Cecere, through Capital instructed Anthony Plesh to default on the loan to obviate a NJDEP fine. This turns out to be not true and the NJDEP then threatened Plaintiff Pieczenik over the issue of "mowing the

lawn". This  issue  was addressed by the Judge Restrepo  Appealate Term.
Appendix 2

   Defendant law firm is the debt collector contracted by US Bank,
aka Andrew Cecere, to pursue collection activity.

   Under the FHA, though USBank never accrued the right to
foreclose after the alleged default being it deliberately failed to meet the conditions
precedent pursuant to the federal regulations at 24 CFR 203.604, it still gave the
case to Defendant debt collector to litigate.

   24 CFR 203.604, which is incorporated in Anthony Plesh's Note
and Mortgage, mandates all the conditions that void the mortgage as outlined in
Appendix 1 and incorporated, herein, in total.

   Anthonly Plesh's Mortgage agreement contains a clause consistent
with HUD regulations regarding: "Regulations of HUD Secretary." It states:

*"In many circumstances regulations issued by the Secretary limit Lender's rights in the case of payment defaults to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary."*

This same condition precedent is made a part of the Note in section

6(B). This section states:

*"If borrower defaults by failing to pay in full any monthly installment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest   In many circumstances, regulations issued by the Secretary will limit Lender's right to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this NOTE, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.*

USBank, aka Andrew Cecere, has made no attempt to meet

with Dr. George Pieczenik, Plaintiff, acting for Anthony Plesh at his home

pursuant to the regulation, and never sent a letter requesting such a  meeting.

Plaintiff was also unable to cure the for Anthony Plesh as Capital

acting for US Bank required duplicate payment. See Appendix 1.

. Despite being indisputably aware that these conditions were not satisfied, Defendant still proceeded to fiercely litigate.

. At no time did Defendant law firm have any legal right to continue the abuse and persecution of Plaintiff via dogged, incessant legal pleadings disallowed by contract and knowing Plaintiff had 2 heart attacks and his wife was permanently injured by moonlighting troopers hired by Andrew Cecere.

. The Security Instrument did not authorize acceleration or any foreclosure activity regarding Plaintiff's loan since such action was not permitted by regulations of the HUD Secretary.

34. Further, the regulation extends from the inception of any foreclosure litigation all the way through to any attempt to acquire title as evidenced by 24 C.F.R. 203.500. "It is the intent of the Department [HUD] that "no mortgagee shall commence foreclosure <u>or acquire title to a property</u> [emphasis added] until the requirements of this subpart have been followed."

. Pluese Becker is pursuing action against Plaintiff and Anthony Plesh as a debt collector that could not and cannot legally be taken.

. After a period of time and numerous pleadings, Defendant failed to take any action in the case for over 6 years, at which point the Sheriff's office postponed any sale for over 2 years. twice dismissed the state foreclosure action for lack of prosecution. Latches as well as Debt default kick in. Appendix 1 incorporated herein. All foreclosure actions are suspended.

Defendant, as debt collector, mailed to Anthony Plesh a notice of a motion to reinstate the foreclosure action, misrepresenting that it had such a right, where still Defendant knew no legal right existed pursuant to Anthony Plesh's Note and Mortgage.

Pluese Becker engages in a systemic practice of law-skirting and deception in the courts designed for the dual purposes of speeding up foreclosure of its cases and ensuring its business has the lowest cost structure that they can construct. One way they accomplish this is by litigating against FHA mortgagors to collect debts while ignoring the FHA contract documents, possibly causing homeowners to lose their homes when the homeowner could have had the opportunity to save the home had the violating pleadings not been filed.

They make additional fees from Penn East who pays them to get surveyors on properties along the pipeline path irrespective of local trespassing rules. They lie to the Courts about who give permission to access the property and they undermine Anthony Plesh's lawyer. Appendix 1 has evidence of the several debt collectors do not represent USBank's interest but Penn East's surveyors interest.  They knowing lie to the Chancery Courts without penalty and use the whole legal system as bottom feeding debt collectors denying homeowners and tenants their Civil Rights.

The Chancery Courts for some reason are scared of these bottom feeders and do not allow third party intervenors, nor those with equitable conversion rights into their court.

## ME BACKGROUND ON THE FHA

The FHA program was developed during the Great Depression of the 1930's pursuant to the National Housing Act ("NHA") 12 U.S.C. § 1701.

Plaintiff is a  beneficiary of the  NHA and  is  part of the  group NHA seeks to protect.

During the Great Depression, foreclosures were very common and the FHA program created a safety net to provide lenders with sufficient insurance to cover losses on defaulted loans

The FHA is part of the Department of Housing and Urban

Development.

44.             HUD's goal is to give prospective buyers the chance to buy and
maintain a home **and** to help buyers avoid foreclosure.

The NJDEP, particularly, Armand Perez, creates arbitrary and capricious excessive
fines to force home owners along the Penn East pipeline paths into foreclosure
and/or bankcruptcy as occurred on this property. This is documented on Change.org
and has over 7,000 supporting signatures to ban this policy. Plaintiff reserves rights
to bring in future defendants depending on the Courts instructions.

These government-insured mortgage loan programs recognize that

its mortgagors will often have difficulty making full and timely payments.

Therefore, HUD promulgated very specific regulations outlining the mortgage

servicing responsibilities of mortgagees, which include notice requirements that are

integral to the program. These notice requirements insure that financially strapped

homeowners, will have every opportunity to take informed steps to retain their

homes, especially if created by NJDEP fines in collusion with Penn East.

Pursuant to section 5-4 of the HUD Handbook, *"Recommendations*

*made to achieve [servicer] goals, in lieu of appropriate servicing activities, will not*

*be tolerated"* .Defendant law firm have handled the alleged default in ways that

were only self-serving.

HUD insures the full value of the qualified mortgages making the

loans risk-free to lenders and servicers.

Debt collectors have no reason to ignore legal contract obligations

since **losses are insured** by the government and private insurance groups regardless

when the foreclosure proceedings are started.

## DEFENDANT LAW FIRM'S BUSINESS PRACTICES

Pluese Becker, and its servicer Rusmore and Capital, has a policy of pursuing foreclosure litigation on loans with deliberate indifference to the fact that the contracts and information supplied to Defendant by evidences no legal right to move ahead with any litigation - as evident in the case before us.

Defendant law firm had a professional and legal obligation to not only read the contract documents prior to pursuing collection, but to confer with its client to ascertain whether there existed any right to litigate. It has already lied to the Chancery court on dates of Sheriff Sales that were non existent and statements that Plesh and Plaintiff gave permission to trespass. They were caught and had to retract.

Pluese Becker routinely fails to obtain accurate and complete information about consumers' loan accounts prior to litigation, (specifically determining the accrual of the right to litigate), or worse, continues litigation with full knowledge that it is attempting to collect a debt not authorized by the agreement.

51.        Upon information and belief, with so many foreclosures under its belt, Pluese Becker has long been aware that it pursues debt collection and foreclosure litigation with a blind eye to the fact that in the overwhelming majority of foreclosures, no litigation right ever accrued, but proceeds with litigation because it gets away with it and because it can reap financial benefits from litigation, especially fast litigation.

. Plaintiffs Note and Mortgage gave Pluese Becker as debt collector no legal right to file any legal documents to take Plaintiffs home and Defendant has no right to enforce an interest to seize Anthony Plesh's home via a foreclosure sale.

. On information and belief, Defendant never conducted an inquiry, reasonable under the circumstances, and sufficient to form a good faith belief that the legal contentions offered to the state court were supported by fact, law, and regulation.

. In the instant case, and (upon information and belief) the overwhelming majority of all foreclosure litigation undertaken by Defendant law firm is threatened and litigated without authority under the contract agreements and in violation of the FDCPA.

. Upon information and belief, Plaintiff believes this is a RICO pattern and business model by Pluese Becker and there are countless New Jersey victims who have been harmed, will be harmed and are at harm's door at this moment.

. The contested debt collection foreclosure action currently stands suspended for failure to prosecute.

. A unilateral change in contract makes a contract null and void.

. The bundling of mortgages creates a higher average value that is part of Plaintiff' pension plan, as well as many State employees.  Isolating one mortgage from this bundle obviates the value.  Therefore, this debt must be voided.

. Defendant has provided documents to the servicer, Rushmore, making Plaintiff liable for attorney fees not allowed by contract.

.          In 1986, Congress removed the attorney exemption to the FDCPA.

The legislative history of the amendment states that collection attorneys were not

being effectively policed by the legal profession and courts, and that the removal of

the exemption was necessary to "put a stop to the abusive and harassing tactics of

attorney debt collectors."

.          The Third Circuit considers all foreclosure litigation and

proceedings from complaint to pleadings to interrogatories to be covered under the

FDCPA *(Kavmark v. Bank of America,* NA, 783 F.3d 168 (3d Cir. 2015)), protecting

consumers from the full sweep of all deceptive litigation activities. "A

communication cannot be uniquely exempted from the FDCPA because it is a

formal pleading ...." "The fact that the [alleged violation] appears in a lawsuit or

other court filing does not diminish the threatening nature of the communication for

rposes of the FDCPA." *James v. Wadas,* 724 F.3d 1312 (10th Cir. 2013).


FIRST CAUSE OF ACTION

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

.          Plaintiff incorporates by reference all the foregoing paragraphs and

other allegations set forth elsewhere in the Complaint and Appendix.

.          The FDCPA, 15 U.S.C. § 1692 et seq. prohibits certain debt

collection practices and provides for the initiation of court proceedings to enjoin

violations of the FDCPA and to secure such equitable relief as may be appropriate

in each case.

.          As used in reference to the FDCPA, the terms "creditor,"

"consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15

U.S.C. § 1692a.

.         The mortgage loan that is the subject of this litigation is a debt as that term is defined by 15 U.S.C. 1692a(5).

.         Plaintiff complains that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, and 1692f as identified below.

.         Plaintiff files this Complaint based on unfair foreclosure practices that has resulted in her abuse, harassment, distress, and financial loss.

.         In taking a discrete action to reinstate and relitigate the foreclosure action, Defendant engaged in conduct violating one or

re sections of 15 U.S.C. 1692 et. seq. by committing the following non-exhaustive list of acts.

69.         Pluese Becker's May 2017 commencement of the reinstatement

ulted in additional harassment, oppression, and abuse of Plaintiff and Anthony Plesh being

Defendant was plainly aware it had no right to litigate or request access to the

property in violation of 15 U.S.C. 1692d. Already older and in poor health,

Plaintiffs condition has worsened over the years which Plaintiff knows is

attributable to this stress, with his medication for previous hear attacks having

been doubled. Attempting to reinstate the foreclosure action after being fully

cognizant that no right had accrued was outrageous conduct. Hiring moonlighting

state troopers called "legal people for surveyors" to beat Plaintiff and wife both

over 70 with intent to use lethal force borders on attempted murder to win their

case. The Lubertnazi law firm specializes in this debt collecting tactic.

Pluese Becker's May 2017 commencement of the reinstatement

was a false, legally deceptive, and misleading representation in connection with the

debt collection. Defendant  had  no right to misrepresent either to the court or the

Plaintiff that it had the right to reinstate the action to collect the debt since there

existed a contractual bar to any legal filing. A violation of 15 U.S.C. 1692e(5) and

1692e(10).

Pluese Becker's present re-commencement of an unfair and is an

unconscionable means to attempt to collect the debt, and an unconscionable means

to collect amounts not authorized. It is indefensible for an attorney to engage in

marathon litigation to seize a party's home when it is 100% aware that the contract it

seeks to enforce gave it no right to litigate. Such acts are so egregious that they

violate 15 U.S.C. 1692f and 1692f(l).

On information and belief, in the overwhelming majority of FHA

foreclosures, both the least sophisticated consumer and the sophisticated consumer

k the background, knowledge and sophistication to realize that any litigation to collect the debt

may be forbidden by the borrower's note and mortgage.

nsequently, for Defendant to oppressively litigate to collect a debt and harass, trespassing

continually with surveyors which it knows is not allowed by the specific contract is

not only unjust and unfair as a matter of public policy but is an unfairand

unconscionable means of collecting the debt in violation of 15 U.S.C. 1692f and

1692f(1). Defendant and his representatives knowingly hired anti Semitic security

interrogating Plaintiff is he was "Jewish". This is a clear Civil rights violation.

73.        Pluese Becker's re-commencement of access was

iolation of 15 U.S.C. 1692 f(6) wherein the state action was an action taken to unlawfully repossess

or disable Plaintiff s property and a violation of State's Covid 19 policy.

As a direct, proximate and legal cause of Defendant's unlawful

cond uct , Plaintiff has already suffered damages and very likely, will suffer

substantial additional damages.

**HEREFORE,** Plaintiff, Dr. George Pieczenik, respectfully requests that the Court enter judgment

against Defendants as follows:

(a)        An award of damages under the FDCPA as specified below as per 15

S.C 1692k(a) and (b).

An award of damages resulting from any lost equity in his property

resulting from the litigation.

An award for the reimbursement of legal expenses and costs he should have never incurred defending the foreclosure, including the case herein

An award of damages for severe emotional distress, embarrassment, fear, anger, panic, humiliation, nervousness, crying fits, difficulty sleeping, and anxiety from the litigation that should have never occurred. Defendant had a duty to exercise reasonable care in its filing of litigation. Defendant breached this duty with the deliberate and negligent filing of litigation papers. All resulting in significant distress to Plaintiff after fighting back against a field of lawyers who know the system and know how to defeat him even when he's right on the issues. Defendant counsel knew and knows there is a legal bar to litigation against Plaintiff but still presses forward serving to harass Defendant and compelling her to expend onerous time and resources defending herself in court.

Declaratory and injunctive relief wherein the Defendant is ordered to cease any and all activity in all courts.

Though not typical, in the interests of public policy, Plaintiff demands punitive and/or compensatory damages due to the grave damage done when Plaintiff's residence is maliciously being trespassed and taken without legal authority and with abusive persistence.  Plaintiff is entitled to punitive damages based on the prolonged gravity of the harm and the unfair, oppressive and contrary-to-public- policy nature of Defendant's conduct. Defendant has maintained a control over Plaintiffs life while being keenly aware it was in violation of the mortgage and the FDCPA.  Defendant continually threatening Sheriff sales and Defendant's litigation conduct is consistent with a pattern of acting in bad faith and in breach of the duty of good faith, which Pluese Becker has willfully engaged in for its own economic benefit and to Plaintiffs detriment, in order to prevent the contractual objectives of the parties to the mortgage from being achieved. Defendant's malicious use of process and unjustifiable litigation also comprise numerous violations of the Rules of Professional Conduct.

ge Bumb of the NJ Third Circuit ruled " that PBS's filing of the Motion to

Reinstate the Foreclosure violated the following sections of Title 15:

§ 1692d (prohibiting harassing, oppressive, or abusive conduct by debt collectors);

§ 1692e(2), (5) and (10) (prohibiting debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt, including falsely representing the legal status of adebt, threatening to take any action that cannot legally be taken or that is not intended to be taken, and using any false representation or deceptive means to collect or attempt tocollect any debt);

§ 1692f and (¶) (prohibiting debt collectors from using unfair or unconscionable means to collect or attempt to collect

any debt, including collecting any amount not authorized by the agreement creating the debt); and

§ 1692f(6) (prohibiting debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property).

In reviewing a plaintiff's allegations, the district court "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff." Bistrian v. Levi, 696 F.3d 352, 358 n.1 (3d Cir.

2012) Only the allegations in the complaint, and "matters of public record,

orders, exhibits attached to the complaint and items appearing

in the record of the case" are taken into consideration.Oshiver

v. Levin, Fishbein, Sedran & Berman, 38

F.3d 1380, 1384 n.2 (3d Cir. 1994) (citing Chester Cnty.

Intermediate Unit v. Penn. Blue Shield, 896 F.2d 808, 812 (3d

Cir. 1990)).

*Ad argumentum*, that Pluese should assert several arguments in reply that

for example Dr.Pieczenik claims are barred by the Rooker-

Feldman doctrine; second, that the claims are barred by the

entire controversy doctrine; third, that the claims are

barred by principles of res judicata and issue preclusion;

and fourth, that Dr. Pieczenik's conduct in filing this

allegedly frivolous lawsuit warrants dismissal of this case

pursuant to Fed. R. Civ. P. 11.[4] The Court addresses each

argument in turn.

(c)                **Rooker-Feldman[5]**

The <u>Rooker-Feldman</u> doctrine does not apply prior to entry

of final judgment in the state court foreclosure litigation.

<u>Shibles v. Bank of Am., N.A.</u>, 730 F. App'x 103, 105 (3d

Cir.2018).        It is undisputed that no final judgment of

trespassing has occurred.

Accordingly, PBS's <u>Rooker-Feldman</u> argument fails.

(d)                    **<u>Entire Controversy Doctrine</u>[6]**

In <u>Shibles</u>, the Court of Appeals for the Third Circuit

recently explained: New Jersey's entire controversy doctrine embodies the
principle that the adjudication of a legal controversy should occur in one
litigation in only one court; accordingly, all parties involved in a litigation should
at the very least present in that proceeding all of their claims and defenses that are
related to the underlying controversy. We have characterized the doctrine as
New Jersey's specific, and idiosyncratic, application of traditional res judicata
principles. The doctrine applies in federal courts when there was a previous
state-court action involving the same transaction.

This doctrine allows for the introduction of third party filings which may not be
accepted with the new electronic submission system in Chancery Court, yet
were allowed historically with paper filings.

(h)                    All other relief this Court finds just and fair.

### JURY TRIAL DEMANDED

Respectfully  Submitted,

*Dr. George Pieczenik*

Dr. George Pieczenik

## PROSPECTIVE CLASS CERTIFICATION

Plaintiff believes and hereby alleges that the pattern and practice of violations described in this Complaint may be (and is very likely) typical and representative of the claims of other similarly situated individual mortgagors affected by the actions of Defendant so as to constitute a sufficiently cohesive class. Pursuant to Fed. R. Civ. P. 23 and 15 U.S.C. § 1692k(a)(2).

Plaintiff places Defendant on notice and reserves the right to seek a class action certification after conducting limited discovery to ascertain the suitability of the proposed class and the identity of class members. Plaintiff, at this time, cannot know the identities of possible class members. Defendant, however, can easily ascertain which mortgagors would fit the class. Claims for such proposed class members are actionable pursuant to Rule 23. Wherefore, upon certification, Plaintiff will respectfully seek leave to amend her Complaint.

Preliminarily, Plaintiff anticipates seeking certification of a class under Fed.

R.          Civ. P. 23(b)(3) (at a minimum) because the questions of law and fact common to members of the Class will likely predominate over any questions affecting an individual member, and a class action would be superior to other available methods for the fair and efficient adjudication of the controversy because individual joinder of all members would be impracticable, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender, an important public interest will be served by

addressing the matter as a class action, substantial expenses to the litigants and to the

   judicial system will be realized, and difficulties are unlikely in the management of

   a class action.

Plaintiff believes that issues of typicality, commonality, numerosity and adequacy will

   be satisfied and Defendant cannot maintain any unique defense to Plaintiffs claims

   versus the class.

## <u>DESIGNATION OF TRIAL COUNSEL</u>

Plaintiff respectfully requests the court to assign interim counsel pursuant to Fed. R.

   Civ. P. 23 (g)(3) to act on behalf of the class prior to certifying the action as a class

   action. If necessary, pursuant to Rule 23(g)(l), Plaintiff respectfully requests the

   Court to assign counsel to protect the rights of the class should certification be

   granted.

## <u>LOCAL RULE 11.2 CERTIFICATION</u>

The   undersigned  does hereby certify that the matter in controversy originates from a

   pending New Jersey foreclosure proceeding in  state court (Docket No. F-049213-14) .  .

   The parties named in the state action are Plesh  and  US Bank.

I further certify that I know of no part y, other than possible putative class members, who should be joined in this FDCPA action at this time.

## **ARBITRATION CERTIFICATION**

I, Dr. George Pieczenik, Plaintiff, do hereby certify pursuant to Local Civil Rule 201.l(d) that relief other than monetary damages and injunction are sought, and that in the case of a certified class action, damages sought will exceed $150,000.

DATED:

Respectfully submitted,

Dr. George Pieczenik