NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GEORGE PIECZENIK,

        Plaintiff,

v.

PLUESE BECKER & SALTZMAN LLC
*et al.*,

        Defendants.

Civ. No. 20-15671

OPINION

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon an Emergent Motion[1] filed by Plaintiff George Pieczenik ("Plaintiff"). (ECF No. 6.) Defendants oppose. (ECF No. 11.) For the reasons stated herein, Plaintiff's Emergent Motion (ECF No. 6) is denied.

## BACKGROUND

Plaintiff resides in Stockton, New Jersey, where he rents a home. (Mot. at 1, ECF No. 6.) Plaintiff is a tenant of Anthony Plesh, who owns the Stockton property (the "Property"). (Opp'n at 1, ECF No. 11.) Mr. Plesh has a mortgage on the Property. (*See id.*) In 2014, U.S. Bank, as mortgagee of the Property, began foreclosure proceedings (the "Foreclosure") in the Chancery Division of the Superior Court of New Jersey. (*Id.*)[2] Final judgment was entered in the Foreclosure in 2015. (*See* Defs.' Ex. at 16–17, ECF No. 11-1.)[3] As part of the ongoing litigation

---

[1] The full title of Plaintiff's Motion is "Emergent Motion to Stay Trespass by Debt Collectors Being Paid by Penn East to Access Property with Penn East Surveyors." (ECF No. 6.)
[2] *See U.S. Bank, N.A. v. Plesh*, F-049213-14 (N.J. Super. Ct. Ch. Div. 2014).
[3] The page numbers to which the Court refers are the CM/ECF page numbers.

1

related to the Foreclosure, U.S. Bank moved to conduct a physical inspection of the Property to determine its fair market value and the cost of any environmental remediation. (*See* Opp'n at 2.) On November 13, 2020, the Superior Court granted U.S. Bank's motion and issued an Order permitting physical inspection of the Property (the "Inspection Order"). (Defs.' Ex. at 3.)

Plaintiff filed a Complaint in this Court on November 9, 2020. (ECF No. 1.) The Complaint alleges violations of the Fair Debt Collection Practices Act ("FDCPA") in connection with the Foreclosure. (Compl. at 2, ECF No. 1.)[4] Defendant Anthony Cecere is the Chief Executive Officer of U.S. Bank. (*Id.* at 6; *see* Defs.' Ex. at 16.) Defendant Pluese Becker & Saltzman LLC ("PBS") is a law firm representing U.S. Bank in the Foreclosure in Superior Court. (*See* Inspection Order at 3, ECF No. 11-1.) PennEast Pipeline Company ("PennEast") is not named as a Defendant in Plaintiff's federal suit or the Foreclosure action, although the company's name appears repeatedly in Plaintiff's submissions to the Court. (*See* Mot. at 1; *see generally* Compl.) PennEast is a consortium of energy companies that have proposed the construction of a natural gas pipeline through New Jersey. (Opp'n at 4.) The proposed pipeline could potentially impact the Property. (*Id.*) Neither Defendant Cecere nor Defendant PBS have a relationship with PennEast. (*Id.*)

Two days after the Superior Court issued the Inspection Order, Plaintiff filed the Emergent Motion requesting that this Court reconsider the Superior Court's decision. (ECF No. 6.) According to Plaintiff, the Inspection Order "allow[s] Debt Collectors . . . paid by Penn East . . . access" to the Property. (Mot. at 1.) Plaintiff submits that "there is no reason outside of surveying for Penn[]East" to access the Property and that "it is dangerous to both them and us to come on this [P]roperty because of tick fever and Covid 19." (*Id.* at 2.) Plaintiff also suggests

---

[4] The page numbers to which the Court refers are the CM/ECF page numbers.

that PennEast surveyors entered the Property in the past and caused injuries to Plaintiff and his wife. (*Id.* at 1.)

## DISCUSSION

I. ***Rooker-Feldman*** **Doctrine**

The Court construes Plaintiff's Motion as a request for reconsideration of the Superior Court Inspection Order issued on November 13, 2020. Plaintiff's request is barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine divests federal courts of jurisdiction where a federal action "would be the equivalent of an appellate review of state court order." *FOCUS v. Allegheny Cnty Ct. Com. Pl.*, 75 F.3d 834, 840 (3d Cir. 1996). A claim is barred by *Rooker-Feldman* under two circumstances: (1) "if the federal claim was actually litigated in state court prior to the filing of the federal action" or (2) "if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong." *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (quoting *In re Knapper*, 407 F.3d 573, 582 (3d Cir. 2005)). "If the relief requested in the federal action requires determining that the state court's decision is wrong or would void the state court's ruling, then the issues are inextricably intertwined and the district court has no subject matter jurisdiction to hear the suit." *FOCUS*, 75 F.3d at 840 (internal quotations omitted).

Plaintiff's requested relief would require this Court to determine that the Superior Court's Inspection Order was wrong or void; in fact, making such a determination is precisely what Plaintiff has asked this Court to do. (*See* Mot. at 1.) Thus, the *Rooker-Feldman* doctrine applies in this instance and divests this Court of subject-matter jurisdiction to hear Plaintiff's Motion or grant him the relief he requests.

3

## II. Anti-Injunction Act

Further, even if the Court were to construe Plaintiff's Motion to be a request for an injunction to stay the proceedings in Superior Court, Plaintiff's requested relief is barred by 28 U.S.C. § 2283 (the "Anti-Injunction Act"). Under the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except [1] as expressly authorized by Act of Congress, or [2] where necessary in aid of its jurisdiction, or [3] to protect or effectuate its judgments." 28 U.S.C. § 2283. This provision is, on its face, "an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970).

None of the exceptions to the Anti-Injunction Act apply in this case. First, Plaintiff does not identify an Act of Congress that expressly authorizes the type of injunction that Plaintiff seeks. Plaintiff relies on the All Writs Act, 28 U.S.C. § 1651, as the basis for this Court's authority. (Mot. at 1.) However, the Anti-Injunction Act "functions to limit the scope of the All Writs Act, not the other way around." *Schwartz v. Nugent*, 2018 WL 3069220, at *3 (D.N.J. June 21, 2018) (citing *In re Diet Drugs Prods. Liab. Litig.*, 369 F.3d 293, 305 (3d Cir. 2004)). The All-Writs Act provides the "positive authority" for federal courts to issue injunctions of state court proceedings "*if* an injunction falls within one of the Anti-Injunction Act's three exceptions." *In re Diet Drugs*, 369 F.3d at 305 (emphasis added). The All-Writs Act on its own is not a basis of congressionally vested authority under the Anti-Injunction Act. *See id.*; *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 134 F.3d 133, 143 (3d Cir. 1998). Plaintiff does not identify any other statutory basis for the relief he seeks.

4

Second, Plaintiff does not identify any issues related to this Court's jurisdiction. An injunction "in aid of [a court's] jurisdiction" is appropriate only when "some federal injunctive relief may be necessary to prevent a state from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atl. Coast Line R.R. Co.*, 398 U.S. at 294. Such injunctions typically apply in removed, *in rem*, or complex federal litigation that involves "a substantial class of persons from multiple states . . . or a consolidation of cases from multiple districts." *Schwartz*, 2018 WL 3069220, at *3 (quoting *In re Diet Drugs*, 369 F.3d at 306). Plaintiff does not allege that staying the Inspection Order would be necessary to prevent interference with this Court's jurisdiction.

Third, Plaintiff does not suggest that the relief sought would protect or effectuate this Court's judgment. Injunctions to "protect or effectuate [a court's] judgment" are characterized as the "relitigation exception." *Chick Kam Choo v. Exxon Corp.*, 468 U.S. 140, 147 (1988). "The relitigation exception was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court." *Id.* Plaintiff does not identify an existing federal judgment with which the state court proceeding could conflict or interfere.

In sum, none of the three exceptions to the Anti-Injunction Act apply in this case. Plaintiff's disagreement with the Inspection Order and allegations about the conduct of non-Defendant actors do not provide a basis for this Court to enjoin a Superior Court proceeding.

## CONCLUSION

For the foregoing reasons, Plaintiff's Emergent Motion (ECF No. 6) is denied. An appropriate Order will follow.

Date: 11/30/20

ANNE E. THOMPSON, U.S.D.J.